IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEBORAH K. DODSON,

                                                                                                     PLAINTIFF

v.                                    Civil No. 6:07-cv-6049

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Deborah Dodson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI), under the provisions of Titles II and XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

      Plaintiff protectively filed for SSI and DIB on January 27, 2005 alleging disability since January 31, 2004, due to diabetes, neuropathy, pain in feet, calves and knees, and residual effects from a stroke. (Tr. 48-52, 272-274). Plaintiff's applications were denied initially and on reconsideration. (Tr. 32-33, 260-261). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on January 23, 2007. Plaintiff, represented by attorney Hans Pullen, appeared

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

and testified at the hearing, along with vocational expert (VE) Mack Welch. (Tr. 275-292). On March 28, 2007, the ALJ issued an unfavorable decision. (Tr. 11-18). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 3-5).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. The Plaintiff argues the ALJ's findings are not supported by substantial evidence in the record because the ALJ did not find Plaintiff had an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1;  the ALJ improperly applied the factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984); and  the ALJ erred by failing to obtain proper RFC testimony from

a VE based on the ALJ's use of the Medical-Vocational Guidelines (Grids). The Defendant argues the Plaintiff does not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; the ALJ properly applied the factors of *Polaski*, and the ALJ did not err by failing to obtain testimony from a VE.

### A. Listings of Impairments

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included diabetes, neuropathy, and stroke residuals. (Tr. 13-14). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff attempts to show she has a listed impairment and sets forth twenty-five (25) diagnoses that appear throughout the record. (Doc. No. 7 pg. 3-4). However, Plaintiff fails to show her impairments meet or equal any specific listing. Further, a diagnosis of an impairment is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

4

Plaintiff asserts she meets Listing 11.04 "Central Nervous System Vascular Accident". Plaintiff states she has significant and persistent disorganization of motor function in two extremities that results in sustained disturbance of gross dextrous movements or gait. (Doc. No. 7 pg. 5). To meet Listing 11.04 the Plaintiff must show a "central nervous vascular accident" with one of the following occurring more than three months after the accident; (A.) Sensory or motor aphasia resulting in ineffective speech or communication; or (B.) Significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.04.

The medical record of Plaintiff provides no documentation of Plaintiff experiencing ineffective speech or communication, nor does Plaintiff attempt to argue this point.

Similarly, there is no medical documentation to support a finding that Plaintiff movements or gait show a sustained disturbance as required by the Listing. Although Plaintiff has been treated at various times for pain, numbness and weakness in her arms, legs, knees, and feet (Tr. 97, 108, 154, 155, 184, 209, 241), these are not supportive of a finding that she meets the criteria of the Listing.

On February 7, 2004, Plaintiff was seen at the St. Joseph's Mercy Health Center (SJMHC) indicating she was diabetic and had foot pain. (Tr. 108). The exam of her foot showed no problems and the physician did not feel she had diabetic neuropathy. (Tr. 108). The Plaintiff was given pain medicine and told to follow up with another physician which she had not been doing regularly. (Tr. 109). Plaintiff was seen on March 18, 2005 at the SJMHC Emergency room with a sore on her back. (Tr. 102). According to the history, Plaintiff was a user of IV drugs. (Tr. 102). The wound was drained and cleaned, and Plaintiff was told to follow up in the ER for further treatment.

5

On June 2, 2005 Plaintiff was seen at the Hot Springs County Medical Center (HSCMC). (Tr. 83). Plaintiff was complaining of weakness. The history indicated Plaintiff had been incarcerated and while at the jail, her blood sugar was high. (Tr. 80). Plaintiff indicated she had not been "keeping tabs" on her diabetes. (Tr. 83). Plaintiff also stated she smoked cigarettes, drank alcohol, and used street drugs, including methamphetamine. (Tr. 83). Plaintiff was admitted to the hospital for control of her blood sugar. Upon discharge, her blood sugar was under control. (Tr. 82).

A neurologic exam of Plaintiff on December 4, 2005 indicated Plaintiff moved all extremities equally with no deficit. (Tr. 247). Plaintiff also was seen for a consultative physical exam on October 3, 2005. (Tr. 146-152). Plaintiff had a normal range of motion exam of her extremities, no abnormal findings of gait and coordination, and normal limb function. (Tr. 149-150).

Based on the foregoing medical history, the ALJ properly found Plaintiff had no showing of ineffective speech or communication, nor was there evidence of significant and persistent disorganization of motor function in two extremities that resulted in sustained disturbance of gross and dextrous movements or gait. (Tr. 14).

Plaintiff also alleged she met the criteria for Listing 9.08, for Diabetes Mellitus. The ALJ considered this claim. This listing requires a diagnosis of Diabetes Mellitus along with neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station. Although Plaintiff has been diagnosed with Diabetes Mellitus, as previously stated Plaintiff's medical records do not indicate a persistent disorganization of motor function. Pursuant to Listing 11.00C persistent disorganization of motor function is in the form of paresis or paralysis, tremor or other involuntary movements, or ataxia and sensory disturbances. The impairment will depend on the degree of

interference locomotion or with the use of fingers, hands and arms. The medical record does not support a finding that Plaintiff met these criteria for Listing 9.08.

I find substantial evidence supports the ALJ's determination Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. Credibility of Plaintiff's Subjective Complaints

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski* and determined, based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged. (Tr. 16-17).

In support of this decision, the ALJ found no health care provider restricted Plaintiff from all work. This lack of objective medical evidence in support of Plaintiff's subjective complaints of disabling pain is one important factor for the ALJ to consider when evaluating Plaintiff's credibility. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999). Also, Plaintiff was diagnosed with diabetes, but she failed to monitor her blood glucose levels and did not maintain a diabetic diet. Further, Plaintiff consumed drugs and alcohol despite warnings from her health care providers not to do so. Failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 902 (8th Cir. 2005). The ALJ also found Plaintiff's activities inconsistent with disabling pain. These activities included performing limited household chores,

playing video games, preparing meals, shopping, and bird watching. Inconsistencies between subjective complaints of pain and daily living patterns also can weaken Plaintiff's credibility. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001).

I find substantial evidence to support the ALJ's credibility determination regarding Plaintiff's subjective complaints and the ALJ performed a proper analysis of the factors set forth in *Polaski*.

### C. Need for Vocational Expert Testimony

Plaintiff argues due to the existence of nonexertional limitations, the ALJ was required to obtain the testimony from a VE in order to determine if there were jobs existing in significant numbers in the national economy which Plaintiff could perform.[3] Plaintiff contends she has significant nonexertional limitations of pain in both legs, nocturnal leg cramps, degenerative joint disease of the knees, weakness in her lower extremities, and residuals from a stroke.

If the ALJ properly determines that a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or

---

[3] VE Mack Welch, testified at the hearing. He was only questioned by the ALJ regarding Plaintiff's past relevant work. Plaintiff's counsel did not question the VE at the hearing. (Tr. 291-292). There was no testimony from the VE regarding the existence of jobs available to the Plaintiff in the national economy.

9

concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1)

Although Plaintiff argues the existence of several nonexertional impairments, she fails to refer to any supportive medical evidence. (Doc. no. 7 pg. 11). A disabling impairment must be supported by some medical evidence. *See Marolf v. Sullivan*, 981 F. 2d 976, 978 (8th Cir. 1992).

As discussed above, the ALJ discounted Plaintiff's subjective complaints that her ability to perform work was significantly diminished by her pain. (Tr.16-17). The ALJ's credibility determination is supported by several valid reasons and is entitled to deference. *See Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).

### 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of July 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE